UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                           2:04-cr-9-FtM-29DNF

LARRY JOSEPH POWELL
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for New Trial (Doc. #104), filed on June 8, 2005. No response has been filed, and the time to do so has long since expired. Also before the Court are defendant's Second Motion for New Trial Based Upon Newly Discovered Evidence (Doc. #121), and defendant's Amended Second Motion for New Trial Based Upon Newly Discovered Evidence (Doc. #122), both filed on October 7, 2005.

The Court notes that none of defendant's motions include "a brief or legal memorandum with citation of authorities in support of the relief requested," as required by Rule 3.01(a), Local Rules, United States District Court, Middle District of Florida. Indeed, not a single case is cited in support of any proposition asserted in the motions. Additionally, the Court notes that the government has not filed a response to the original motion, which suggests to the Court that the government does not oppose the motion. See Local Rule 3.01(b) ("Each party opposing any written motion . . .

shall file and serve, within ten (10) days after being served . . . a brief or legal memorandum with citation of authorities in opposition to the relief requested."

A new trial may be granted if the interest of justice so requires and if the motion is filed within seven days of the verdict. Fed. R. Crim. P. 33(b)(2). While the motion is timely filed, see Fed. R. Crim. P. 45(a), the interests of justice do not require a new trial in this case.

Most of defendant's claims of error relate to the admission of evidence, either as it relates to testimony or exhibits. (Doc. #104, ¶¶ 2, 3, 4, 5, 6, 8, 9, 10, 11, 12). The admission of evidence by the court is a matter within its discretion. United States v. De La Mata, 266 F.3d 1275, 1300 911th Cir. 2001), cert. denied, 535 U.S. 989 (2002). "Evidentiary errors 'do not constitute grounds for reversal unless there is a reasonable likelihood that they affected the defendant's substantial rights; where an error had no substantial influence on the outcome, and sufficient evidence uninfected by error supports the verdict, reversal is not warranted.'" United States v. Drury, 396 F.3d 1303, 1315 (11th Cir. 2005), cert. denied, ___ S.Ct. ___ (October 3, 2005)(citing United States v. Hawkins, 905 F.2d 1489, 1493 (11th Cir. 1990)). Having reviewed defendant's claims, the Court is not satisfied that any error was committed, much less reversible error.

Defendant also argues that the ten-day length of the trial, caused by the Court's allowance of evidence to which he objected,

fatigued, confused, and mislead the jury. (Doc. #104, ¶ 7). Having sat through the trial, the Court is satisfied that the jury was neither confused or mislead, and that any natural fatigue from hearing attorneys and the Court for ten days did not impact the jury's verdict.

Defendant asserts the Court erred in sustaining government objections to defense cross examination of Jack Shea regarding his expected sentence. (Doc. #104, ¶ 13). The scope of cross examination is a matter for the sound discretion of the court, and the Court is satisfied that it gave defense counsel adequate leeway in his cross examination.

Defendant argues that the Court erred in failing to grant his motion for judgment of acquittal at the close of the government's case and at the close of all the evidence. (Doc. #104, ¶ 14). The Court disagrees. While the evidence was certainly contested, the evidence is sufficient to support the jury's verdict that defendant was guilty of the conspiracy beyond a reasonable doubt.

Defendant argues that the Court erred in answering the two questions submitted by the jury. (Doc. #104, ¶ 15). Both sides objected to the Court's answers, and each side offered differing answers. The Court is satisfied that its answers to the questions were correct.

Finally, defendant argues that a new trial is required because of newly discovered evidence, namely a letter from a government witness to the Court on defendant's behalf as to sentencing. To

prevail on a motion for new trial based on newly discovered evidence, defendant must establish that (1) the evidence was discovered after trial, (2) the failure of defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result. United States v. Ramos, 179 F.3d 1333, 1336 n.1 (11th Cir. 1999). Defendant must establish all of these elements. United States v. Thompson, ___ F.3d ___ (11th Cir. 2005).

In an October 3, 2005 letter, Jonathan K. Schoenike, General Counsel to American Architectural Products Corporation (AAPC), wrote that while defendant was undoubtedly guilty, he did not deserve prison time. In the letter Mrs. Schoenike wrote:

> Although Mr. Powell was responsible for a significant sum of cash not being distributed to the creditors of AAPC, the fact remains that the sale of the Binnings Pan American business to Mr. Powell saved the creditors significantly more. Prior to the transaction, and undisclosed to Mr. Powell, the Company conducted a liquidation analysis of the Binnings Pan American business and determined that a shut-down of the business would cost in excess of $5 Million. Although a shut-down under the control of the Bankruptcy Court would have been far more orderly and less dramatic to the employees, it would have been far more costly to the creditors. It is likely that the Binnings Pan American business would have been shut-down if the transaction to Mr. Powell had failed. . . .

While the letter was written after trial, none of the other requirements have been satisfied.

As defendant notes, Mr. Schoenike testified as a government witness at trial. The Court allowed background information to be elicited from him, but counsel failed to elicit the information he refers to in his letter. While defendant now believes the testimony is relevant and material, that was not always his position. Indeed, in the motion for new trial, defendant stated:

> Over objection the Government was allowed to present testimony regarding strategic financial planning of AAPC through the testimony of an attorney who was only speculating and offered no expertise, but rather relied upon hearsay information and presented nothing more than hearsay testimony. Again, this immaterial, irrelevant, untrustworthy, inadmissible, and otherwise prejudicial testimony had nothing to do with the question of whether Mr. Powell, and one or more persons, knowingly and fraudulently concealed from the Bankruptcy Court, fraudulently received property from the Bankruptcy Trustee, AAPC the Debtor in possession, and transmitted through facsimile information that was part of the conspiracy.

(Doc. #104, p. 7). Even if the information in the Mr. Schoenike's letter is true, it does not impact either defendant's guilt or sentence. That the company considered sale to defendant to be more advantageous to it than other avenues is not material to defendant's fraudulent conduct after he formed and began operating the new corporate entity. Whether an alternative would have cost the creditors more or less does not impact defendant's conduct or his sentencing.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Defendant's Motion for New Trial (Doc. #104) is **DENIED**.

2.  Defendant's Second Motion for New Trial Based Upon Newly Discovered Evidence (Doc. #121) is **DENIED** as moot in light of the amended motion.

3.  Defendant's Amended Second Motion for New Trial Based Upon Newly Discovered Evidence (Doc. #122) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   10th   day of October, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
AUSA
Counsel of Record