UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.	2:04-cr-9-FtM-29DNF

LARRY JOSEPH POWELL
_____

**OPINION AND ORDER**

  This matter comes before the Court on the matter of restitution. On October 11, 2005, defendant Larry Powell was sentenced to a term of five years probation with certain conditions, and the amount of loss caused by the conduct for which the jury found defendant guilty was determined to be $440,173.26. The amount of restitution was to be determined at a later date, and Judgment (Doc. #127) was entered on October 14, 2005.

  On November 9, 2005, the government filed a Status as to Restitution (Doc. #130) identifying the entity to which restitution should be made, suggesting that the restitution amount was $440,173.26, and requesting an additional thirty days for defense counsel to discuss the matter with the victim's representative. Defendant filed a written Response (Doc. #131) not opposing the request for a continuance, and the Court entered an Order (Doc. #132) granting the continuance. A further continuance was granted after a hearing on December 12, 2005. The Court conducted a status

conference on January 6, 2006, and both parties were directed to file a restitution memorandum within thirty days. (Doc. #139). On February 2, 2006, the government filed a Motion for Additional Time to File Memorandum (Doc. #140), which was granted (Doc. #141). The Government's Memorandum as to Restitution (Doc. #142) was filed on February 13, 2006, and defendant's Memorandum of Law Re: Restitution in Bankruptcy Fraud Cases (Doc. #143) was filed on February 14, 2006.[1]

The Court is required to order restitution to each victim in the full amount of the victim's loss as determined by the court. 18 U.S.C. § 3663(f)(1)(A). If the proper amount of restitution is disputed, the burden is upon the government to establish the amount of restitution by a preponderance of the evidence. 18 U.S.C. § 3663(e). After considering all the evidence in this case, the Court found that the government proved by at least a preponderance of the evidence that the full amount of the victim's loss in this case was conservatively $440,173.26. The Court therefore finds that restitution is owed in the amount of $440,173.26.

After considering all the factors identified in 18 U.S.C. § 3663(f)(2)(A)-(C), the Court determines that defendant shall make

---

[1] The Court would normally be unable to impose restitution after 90 days of the imposition of sentence and judgment. 18 U.S.C. § 3664(d)(5); United States v. Maung, 267 F.3d 1113, 1120-22 (11th Cir. 2001); United States v. Kapelushnik, 306 F.3d 1090, 1093-94 (11th Cir. 2002). However, at the status conference counsel for both sides agreed that the restitution determination could be continued beyond the statutory 90 day period. In this circumstance, the Court finds that the 90-day period was tolled.

monthly restitution payments to AAPC Liquidation LLC, 860 Boardman Canfield Road, Boca Building, Suite 107, Boardman, Ohio 44512, in the amount of $800.00 per month. This is the approximate total of the net monthly cash flow of $192 and the $628 boat loan payment, which the Court finds to be non-essential to defendant's livelihood. This amount may be modified pursuant to 18 U.S.C. § 3664(k) upon appropriate notice or motion.

Accordingly, it is now

**ORDERED**:

The Clerk of the Court shall enter an amended judgment adding restitution in the amount of $440,173.26, to be paid in monthly installments of $800.00 to AAPC Liquidation LLC, 860 Boardman Canfield Road, Boca Building, Suite 107, Boardman, Ohio 44512, and the standard restitution provisions.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of February, 2006.

_JOHN E. STEELE_
JOHN E. STEELE
United States District Judge

Copies:
AUSA
Counsel of Record
U.S. Probation
DCCD